UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>MATA ELECTRIC, LLC, et al,<br><br>   Defendants. | Case No.: 2:20-cv-01722-RDP |

## MEMORANDUM OPINION

This matter is before the court on U.S. Specialty Insurance Company's ("USSIC") Motion for Default Judgment against the remaining, non-bankrupt Defendants in this case, Mata Construction, LLC, Mata Auto, LLC, La Perla Nayarita, LLC Birmingham, La Perla Nayarita, LLC and individual defendant Erick A. Mata Cabrera (Defendants). (Doc. # 18). The Motion was filed on March 16, 2021. No response to the Motion has been filed.

**1.      Background**

At the request of the Defendants, Plaintiff USSIC issued Subcontract Performance and Payment Bonds in favor of the general contractors on the following public construction projects, in the indicated amounts, and for the referenced obligees: (1) Rudd Middle School Renovations and Additions (obligee Trawick Contractors, Inc.), bond amount $1,918,892.17; (2) Erwin Middle School (obligee Amason & Associates, Inc.), bond amount $1,814,942.00; (3) Hueytown Middle School (obligee Argo Building Company), bond amount $1,701,976.00; and (4) UAB Job (obligee MJ Harris), bond amount $ 455,011.00. (Doc. # 1, ¶6).

USSIC issued the Bonds in reliance upon the terms and conditions of a General Indemnity Agreement (GIA) executed by the Defendants, separately and severally, in August of 2018. In the GIA, the Defendants have promised, upon demand, to deposit collateral security if demanded by USSIC:

> **X. Deposit with Surety**
>
> A. If an Event of Default occurs, or if a claim is made against the Surety under any Bond, the Principals and Indemnitors shall, on demand from the Surety, immediately deposit with the Surety collateral in any amount, value or form as the Surety may designate in its sole and absolute discretion. Such collateral shall be held by the Surety as collateral security in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with the Surety or any other benefits and protection afforded to the Surety by this Agreement or any other agreement.

(Doc. # 1, ¶7).

Disputes arose between Defendants and the general contractors on the Rudd Middle School, Erwin Middle School, and UAB Projects. After declaring Defendants to have defaulted in its performance on the Rudd Middle School Subcontract, Trawick Contractors has terminated the Mata Electric Subcontract and has demanded that USSIC, as Surety, take over and complete that work. Amason & Associates, Inc. has also declared Defendants to be in default of the performance of the Subcontract, and has requested USSIC, as Surety, undertake to complete the remaining scope of work on the Subcontract. (Doc. # 1, ¶8).

MJ Harris has not terminated Defendants Subcontract, but has advised USSIC that it is considering a declaration of default by Defendants on the UAB Subcontract. Argo Building Company has advised Defendants that they are behind schedule on the Hueytown Middle School Project, and has begun supplementing Defendants' workforce to comply with the Project's Schedule. Accordingly, USSIC anticipates losses on the Rudd and Erwin Middle School Projects, and losses remain possible on the Hueytown Middle School and UAB Projects. (Doc. # 1, ¶9).

USSIC has also received and paid a Payment Bond Claim from EquipmentShare.com in the amount of $2,872.98 on the Erwin Middle School project. (Doc. # 1, ¶10).

In the GIA, Defendants promised, upon demand, to deposit collateral with USSIC in an amount deemed appropriate by USSIC to protect it from liability and loss under any bond. (Doc. # 1, ¶11). On July 1, 2020, USSIC demanded collateral to be deposited in the amount of $350,000. (Doc. # 1, ¶12; Doc. # 1-3). Defendants have failed to respond or perform as requested, and thus are in breach of their obligations as agreed in the GIA. (Doc. # 1, ¶12).

On November 2, 2020, USSIC initiated this action by filing a Verified Complaint against the Defendants. (Doc. # 1). In the Complaint, USSIC seeks recovery from Defendants of the amounts it paid as a result of its issuance of subcontract performance and payment bonds and costs incurred by USSIC to administer, negotiate, and satisfy claims against the bonds. (*Id.*).

On December 6, 2020, the Complaint and Summons were properly served Defendants Mata Construction, Mata Auto, La Perla Nayarita Birmingham, La Perla Nayarita, and Erick Mata Cabrera. (Docs. # 4-11). The deadline to file a responsive pleading was December 27, 2020 (Doc. # 12)., but no response was filed.

On January 29, 2021, the Clerk of Court entered Default against these Defendants. (Doc. # 14).

On March 16, 2021, USSIC filed its Motion for Default Judgment together with an Affidavit and supporting documents. (Doc. # 18). Those documents establish that, to date, USSIC has sustained a loss in the amount of $549,220.87, consisting of a claim loss of $488,871.48 and loss adjustment expense of $60,349.39, which are liabilities of Defendants pursuant to the terms of the GIA. (Docs. # 18-2, 18-3).

In its Motion, USSIC seeks entry of judgment against the non-bankrupt Defendants, separately and severally, in the amount of $549,220.87. (Doc. # 18 at 3). USSIC further requests leave of court to later seek amendment of the Judgment requested to include any additional loss, costs, or expenses which may result from the issuance of the bonds at issue in this action. (*Id.*).

For the reasons outlined below, USSIC's Motion (Doc. # 18) is due to be granted.

**II.    Standard of Review**

Rule 55(b) states in relevant part:

(b) **Entering a Default Judgment**.

(1) *By the Clerk*.  If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

Fed.R.Civ.P. 55(b)(1),(2). If the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[1] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment when a plaintiff's claim against a defendant is either for a sum certain or for a sum which can by computation be made certain. Thus, Plaintiff's motion for default judgment in this case is properly before the undersigned.

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

### III.   Analysis and Conclusion

The court finds that the requirements of Rule 55(b)(2) are satisfied in this case. On the issue of damages and fees and costs, "all essential evidence is already on record," *Sec. Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1231–32 & n.13 (11th Cir. 2005), and, therefore, a hearing is not required. See Fed. R. Civ. P. 55(b)(2). Having considered USSIC's Motion and evidentiary submission (Doc. # 18), the court finds that the Motion (Doc. # 18) is due to be granted. USSIC is entitled to recover from Defendants Mata Construction, Mata Auto, La Perla Nayarita Birmingham, La Perla Nayarita, and Erick Mata Cabrera the $549,220.87 it has paid as surety on the subject subcontract performance and payment bonds and in costs incurred to administer,

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

negotiate, and satisfy claims against the bonds. USSIC may later seek to amend the court's judgment upon proof of further expenses paid under the subject bonds.

A separate order will be entered.

**DONE** and **ORDERED** this March 31, 2021.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE